# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | | |
|---|---|---|
| Kathy Branham, Individually and as the Personal Representative of the Estate of Vernon Dean Branham, | ) ) ) ) | C/A No:   1:21-cv-2867-JD-SVH |
| Plaintiff, | ) ) | **COMPLAINT** |
| vs. | ) ) | **(42 U.S.C. § 1983)** **(Jury Trial Demanded)** |
| Ashley English, Lynn Davis, Tamika Lewis, Kindra Bouknight, Allen McCoy, Susan Keener, Joyce Kelly, Matthew Haldeman, M.D., Britana Brown, David Morgan and Timothy Mathis, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

Plaintiff named herein, complaining of Defendants herein, would respectfully show unto this Honorable Court and allege as follows:

## JURISDICTION

1.     This action is an action for money damages brought pursuant to 42 U.S.C.A. §§ 1983, et seq., and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of South Carolina, against the Defendants.

2.     Subject matter jurisdiction is conferred upon the Court by 28 U.S.C.A. §§ 1331, 1367 (a), (b), (c), (d), and 1343, and 28 U.S.C.A. §§ 2201 and 2202.

## PARTIES

3.     The Plaintiff, Kathy Branham, is a citizen and resident of Fairfield County, South Carolina. She is the properly appointed Personal Representative of the Estate of Vernon Dean Branham by Order of the Fairfield County Probate Court dated November 13, 2018 under case number 2018-ES-20-00200.

4.     This suit is filed on behalf of the heirs of Vernon Dean Branham.

5.     At all times mentioned in the Complaint, Defendant Ashley English, was an LPN who had direct contact with the Decedent at Fairfield County Detention Center, became aware of his serious medical condition, and/or was required to monitor decedent for his medical condition and for screening purposes in order to contact supervising medical providers or determine whether higher level of emergency care should be contacted/initiated. Prior to Vernon Dean Branham's death, this Defendant had the obligation and the opportunity to provide the appropriate care and treatment, and/or refer for the appropriate care and treatment, refrain from utilizing physical cruelty and to afford the decedent due process. This Defendant was deliberately indifferent to the emergent medical needs of the decedent by consciously failing to provide the appropriate medical care, refer the decedent for appropriate medical care, and/or contact supervising medical providers to secure necessary care for decedent and/or acting in a subjectively and/or objectively unreasonable manner. The Defendants also exhibited a subjective and/or objective unreasonableness in violating Vernon Dean Branham's constitutional rights of due process and failure to provide necessary medical care to him as a pre-trial detainee. A more detailed description of the Defendants' actions are set out below.

During the time period in question, the Plaintiff/decedent's Constitutional rights were well established and well known to each of the Defendants listed above, including and not limited to,

the decedent's right to appropriate medical care and due process.  For purposes of claims asserted under 42 U.S.C §1983, these Defendants are being sued in their individual capacity under the color of state law.

6.     At all times mentioned in this Complaint, the Defendants Lynn Davis, Tamika Lewis, Kindra Bouknight, Britana Brown, David Morgan, and Timothy Mathis were employees of Fairfield County/Fairfield County Sheriff's Office at the Fairfield County Detention Center.  At all relevant times hereinafter mentioned these Defendants were acting individually as employees of the Fairfield County Detention Center.  For purposes of claims asserted under 42 U.S.C. § 1983, these Defendants are being sued in their individual capacity, under the color of state law.  These Defendants had direct contact with the Decedent, and had direct knowledge of his medical condition (including his need for medical care).

During the time period in question, the Plaintiff/decedent's Constitutional rights were well established and well known to each of the Defendants listed above, including and not limited to, the decedent's right to appropriate medical care and due process.  Additionally, these Defendants had actual and/or constructive knowledge that their conduct posed a pervasive and unreasonable risk of Constitutional injury to the decedent.  Further, the response of these Defendants to that knowledge was so inadequate as to show deliberate indifference and/or subjective and objective unreasonableness regarding their offenses as alleged herein; and there was a causal link between their actions and/or inactions and the Constitutional injury suffered by the Plaintiff.

7.     At all times, mentioned in this Complaint, the Defendants Susan Keener and Joyce Kelly, were employees of Fairfield Memorial Hospital.  At all relevant times hereinafter mentioned these Defendants were acting individually as employees of Fairfield Memorial Hospital.  For purposes of claims asserted under 42 U.S.C. § 1983, these Defendants are being sued in their

individual capacity, under the color of state law.  Prior to Vernon Dean Branham's death, these Defendants had direct contact with the decedent and maintained the obligation and the opportunity to provide the appropriate care and treatment, and/or refer for the appropriate care and treatment, refrain from utilizing physical cruelty and to afford the decedent due process. These Defendants were deliberately indifferent to the emergent medical needs of the decedent by consciously failing to provide the appropriate medical care, refer the decedent for appropriate medical care, and/or contact supervising medical providers to secure necessary care for decedent.  The Defendants also exhibited a subjective and/or objective unreasonableness in violating Vernon Dean Branham's constitutional rights of due process and failure to provide necessary medical care to him as a pre-trial detainee.  A more detailed description of the Defendants' actions are set out below.

During the time period in question, the Plaintiff/decedent's Constitutional rights were well established and well known to each of the Defendants listed above, including and not limited to, the decedent's right to appropriate medical care and due process. Additionally, these Defendants had actual and/or constructive knowledge that their conduct posed a pervasive and unreasonable risk of Constitutional injury to the Decedent.  Further, the response of these Defendants to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the offenses by them as alleged herein; and there was a causal link between their actions and/or inactions and the Constitutional injury suffered by the Plaintiff and Plaintiff's Decedent.

8.     At all times mentioned in this Complaint, the Defendant Matthew Haldeman, M.D., was an employee of the University of South Carolina.  At all relevant times hereinafter mentioned this Defendant were acting individually as employees of the University of South Carolina.  For purposes of claims asserted under 42 U.S.C. § 1983, this Defendant is being sued in his individual capacity, under the color of state law.  This Defendant had direct contact with the Decedent, and

had direct knowledge of his medical condition (including his need for medical care).  Prior to Vernon Dean Branham's death, this Defendant had the obligation and the opportunity to provide the appropriate care and treatment, and/or refer for the appropriate care and treatment, refrain from utilizing physical cruelty and to afford the decedent due process. This Defendant was deliberately indifferent to the emergent medical needs of the decedent by consciously failing to provide the appropriate medical care and/or refer the decedent for appropriate medical care.  The Defendant also exhibited a subjective and/or objective unreasonableness in violating Vernon Dean Branham's constitutional rights of due process and failure to provide necessary medical care to him as a pre-trial detainee.  A more detailed description of the Defendant's actions are set out below.

During the time period in question, the Plaintiff/decedent's Constitutional rights were well established and well known to this Defendant, including and not limited to, the decedent's right to appropriate medical care and due process.  Additionally, this Defendant had actual and/or constructive knowledge that his conduct posed a pervasive and unreasonable risk of Constitutional injury to the Decedent.  Further, the response of this Defendant to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the offenses by him as alleged herein; and there was a causal link between his actions and/or inactions and the Constitutional injury suffered by the Plaintiff and Plaintiff's Decedent.

9.     At all times mentioned in this Complaint, the Defendant Allen McCoy was an employee, and acting individually as an employee, of the Fairfield County Sheriff's Office.  For purposes of claims asserted under 42 U.S.C. § 1983, this Defendant is being sued in his individual capacity, under the color of state law.  This Defendant had direct contact with the Decedent, and had direct knowledge of his medical condition (including his need for medical care).

During the time period in question, the Plaintiff/decedent's Constitutional rights were well established and well known to this Defendant, including and not limited to, the decedent's right to appropriate medical care and due process. Additionally, this Defendant had actual and/or constructive knowledge that his conduct posed a pervasive and unreasonable risk of Constitutional injury to the Decedent.  Further, the response of this Defendant to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the offenses by him as alleged herein; and there was a causal link between his actions and/or inactions and the Constitutional injury suffered by the Plaintiff and Plaintiff's Decedent.

10.    The allegations set forth in this Complaint occurred in Fairfield County; therefore, venue is proper in this District.

## FACTS

11.    The acts and occurrences which give rise to this action occurred while the Decedent was in the care and custody, and/or under the care, of the Defendants.

12.    Prior to the events in question, each of the individual Defendants had received training to recognize when a detainee and/or patient had a serious medical condition which required emergent medical care. Additionally, these Defendants had received training that required them to ensure that the detainees and/or patients needing such medical care received it in an emergent fashion.  In this case, the Defendants consciously failed to take the actions they were trained, and required, to provide. Further, even without training, the individual Defendants (to include and not be limited to Lynn Davis, Tamika Lewis, Kindra Bouknight, Britana Brown, David Morgan, and Timothy Mathis) should have easily been able to recognize that the decedent had a serious medical condition which required emergent medical care.

6

13.     Prior to the events in question all of the individual Fairfield County Detention Center employee Defendants (to include Lynn Davis) received the appropriate training in how to properly screen a new detainee being booked into the Fairfield County Detention Center (hereinafter "FCDC"). Further, they were properly trained to recognize when a person (such as the decedent) was exhibiting certain physical signs, symptoms and/or presented from the hospital, requiring him to be either seen by the appropriate medical staff or appropriately monitored pursuant to medical watch guidelines.

14.     On September 7, 2018, Defendant McCoy arrested Plaintiff's Decedent Vernon Branham at a grocery store in Fairfield County for disorderly conduct.  Upon arrival, Defendant McCoy noticed Mr. Branham had a small bleeding laceration just above his left eyebrow and was intoxicated to a level needing medical attention.  Mr. Branham also admitted to using opiates and/or opioids and benzodiazepines that day.

15.     At 10:57 p.m. on September 7, 2018, while in custody, Mr. Branham was placed in the care of the personnel at the emergency department at Fairfield Memorial Hospital (including but not limited to Defendants Haldeman, Keener and Kelly).  These defendants were aware of Mr. Branham being in the custody of Defendant McCoy and the Fairfield County Sheriff's Office, and that he was being treated for clearance to be accepted at the Fairfield County Detention Center. These defendants were also aware of their obligation, and contractual duties, to the state to provide medical services to detainees, such as Mr. Branham.

Mr. Branham entered the emergency department walking and talking.  Upon admitting to methadone and benzodiazepine use, he become obtunded.  In addition, his respiratory rate dropped from 20 breaths per minute at the time of initial triage by Defendant Kelly to 6 to 8 breaths per minute.  Neither Defendant Kelly or Defendant Keener noted that change in their documentation

of Mr. Branham's visit.  Defendant Haldeman noted in his records that Mr. Branham "had a small bleeding laceration above the L eye" and "admitted to using methadone and meth today."  Dr. Haldeman also noted that Mr. Branham presented in an "altered mental state" and "has opiate intoxication and is somnolent."

16.     Methadone is a particularly dangerous drug with a median half-life approaching 24 hours that also has several well-noted cardiac side effects including cardiac arrhythmias in addition to the usual respiratory depression and decreased consciousness of typical opiates.  In addition, benzodiazepines have a similar long, half-life like Methadone but with later peak effects. Benzodiazepine can cause respiratory depression and apnea.

17.     Defendant Haldeman failed to perform a qualitative drug screen on Mr. Branham, even after becoming aware of his drug intoxication, obtunded condition, and drastic change in condition in the emergency department.

18.     Mr. Branham's eye laceration was repaired at 11:52pm.  Mr. Branham was administered 0.4mg of Narcan which has a half-life of at approximately 2 hours.  Mr. Branham responded to the Narcan administration, but further medical evaluation and treatment should have been undertaken to rule out the ingestion of other sedating or harmful substances, cardiac side effects, and respiratory depression signs, among others.  In addition, Defendants Haldeman, Keener, and Kelly failed to monitor Mr. Branham appropriately as is required by the standard of care following Narcan administration.  Mr. Branham should have been admitted for a prolonged period of time to ensure adequate clearance of the toxic methadone in his system as symptoms of somnolence, respiratory depression, and obtundation leading to death can recur.  Nevertheless, Defendant Haldeman discharged Mr. Branham at 12:18am on September 18, 2018.  Defendants Haldeman, Keener, and Kelly failed to obtain a set of discharge vitals as was required by their own

policies and procedures in order to determine whether Mr. Branham was medically clear and stable to be transferred to Fairfield County Detention Center. The conscious failure of Defendants Haldeman, Keener, and Kelly to provide the appropriate level of care, and the violation of their policies and procedures in their substandard treatment of Mr. Branham, during the time period in question, is another example of their conscious and deliberate indifference, and subjective/objective unreasonableness, to Mr. Branham's medical needs, constitutional rights, and their responsibilities as medical providers treating a detainee and/or a patient in their custody and care.

19.     Further, Defendants Haldeman, Keener, and Kelly failed to communicate to and/or give Defendant McCoy the proper discharge paperwork regarding Mr. Branham's Narcan administration and diagnosis of opiate overdose.

20.     Mr. Branham was taken to the Fairfield County Detention Center for booking at 12:42am on September 8, 2018. Mr. Branham was noted to be making conversation with officer, most likely from the effects of the Narcan.

21.     Defendant McCoy testified that Defendants Haldeman, Keener and Kelly failed to communicate to Defendant McCoy specific discharge and/or follow-up instructions regarding opiate overdose and/or Narcan administration. Defendant Haldeman testified he did instruct Defendant McCoy that Mr. Branham had suffered from opiate intoxication and was administered Narcan and that Mr. Branham needed to have a close eye on him.

22.     Defendant Davis conducted an intake screening that consciously failed to document the decedent's true physical or medical history. Based on the testimony of Defendant McCoy, when the decedent arrived at the detention facility, the was intake staff (including but not limited to Defendant Davis) was informed that decedent had been given Narcan for drug intoxication and

had his injured left eye repaired prior to being released from Fairfield Memorial Hospital. Nevertheless, Defendant McCoy failed to write the Narcan administration/drug intoxication on the Fairfield County Detention Center Initial Intake and Triage form which was signed and verified by Defendant Davis as well.

Based on the testimony of Defendant Davis, when the decedent arrived at the Fairfield County Detention Center, Defendant McCoy did not inform him that Mr. Branham had been administered Narcan or that he admitted to using methadone, methamphetamines, or benzodiazepines. Had Defendant Davis completed a proper medical screening and/or Defendant Davis and McCoy completed the intake paperwork properly, the decedent would have been set up to see the responsible physician or medical personnel as soon as it could have been scheduled and monitored appropriately. Had the Defendants followed their training and completed a proper medical screening, then they should have either ensured that the decedent was seen and examined by the responsible physician or medical provider or conducted an appropriate watch to determine the effects of the Narcan administration and potential recurrence of methadone and/or benzodiazepine overdose.

23.    Defendant Davis also testified that Mr. Branham was placed on a medical watch, since he was being admitted to the detention center from the hospital, which requires a detainee to be observed every 30 minutes. The purpose for these checks is to ensure that the detainee (including Mr. Branham) is alive and in no medical distress. During these contacts, the individual Defendants should easily have been able to recognize that Mr. Branham's overall physical and medical condition required emergent medical care. Prior to the events in question, Defendants Lynn Davis, Tamika Lewis, Kindra Bouknight, Britana Brown, David Morgan, and Timothy Mathis had received training on performing medical watches for detainees and the appropriate

10

procedures. Nevertheless, no individual Defendant performed a medical watch and/or completed a medical watch form for Mr. Branham. The Defendants continued failure to provide life-saving medical care during the time period in question is another example of their conscious and deliberate indifference, and subjective and/or objective unreasonableness as relates, to Mr. Branham's medical needs.

24.    Prior to the incidents in question, all of the Defendants Lynn Davis, Tamika Lewis, Kindra Bouknight, Britana Brown, David Morgan, and Timothy Mathis had received training where they learned that if the independent medical staff working for the facility failed to respond, then they still had a duty to ensure that the detainees received the medical attention they needed.

25.    After Mr. Branham was placed in holding cell HC-3, it was noted by several Defendants that Mr. Branham was "snoring" abnormally and exhibiting an odd breathing pattern. Despite these observed signs, Defendants failed to monitor and/or assess Mr. Branham to determine if he was obtunded and/or conscious.

26.    After shift change on the morning of September 8, 2018, Defendant Ashley English asked Defendant detention center officers about Mr. Branham. Defendant Mathis talked to Defendant English and informed her that they were unable to wake Mr. Branham for breakfast and also missed his bond hearing. Nevertheless, Defendant English told FCDC personnel that she did not need to see Mr. Branham and proceeded to another unit. The conscious failure of Defendant English to do what she was trained to do under the circumstances was an example of her conscious and deliberate indifference and her subjective and/or objective unreasonableness.

27.    From 2:20am until 3:40pm, Mr. Branham was never seen awake or conscious. In addition, his irregular breathing pattern and failure to respond to auditory or physical interaction, and sensation, inability to be aroused, and not gaining consciousness for breakfast, bond court, and

lunch, were clear signs of his need for emergent medical attention.  The failure to provide Mr. Branham with such medical attention and/or contact higher level of care is another example of Defendants conscious and deliberate indifference to his constitutional needs.

28.    Mr. Branham remained in the aforementioned cell for the entirety of his time at Fairfield County Detention Center without ever being seen awake and/or conscious.  At and/or around 3:40pm, Lt. Bouknight, Sergeant Mathis and Officer Artis entered Mr. Branham's cell. Upon being unable to find a pulse for Mr. Branham, jail staff started cardiopulmonary resuscitation and contacted emergency medical services. Mr. Branham was transported to Fairfield Memorial Hospital Emergency Room and pronounced dead at 4:52pm.

29.    Fairfield County Detention Center's Internal Review of Mr. Branham's death indicates the FCDC guard tour logs indicate that his cell was only checked once by Defendants Lynn Davis, Tamika Lewis, Kindra Bouknight, Britana Brown, David Morgan, and Timothy Mathis, another example of conscious and deliberate indifference.

30.    An autopsy was performed on Mr. Branham and the cause of death was noted as Cardiac Dysrhythmia.  Based on Mr. Branham's obtunded condition, inability to be aroused, his failure to respond to auditory and/or physical interaction, his physical distress and struggle breathing, any properly trained officer or LPN should have easily been able to determine the detainee required emergent medical care.  The failure to provide this care was evidence of a conscious and deliberate failure to follow established guidelines, procedures, and training.  The failure to ensure that the decedent was provided medical care was an example of conscious and deliberate indifference to his needs and constitutional rights, as well as a showcase of an objective and subjective unreasonableness.

31.    All Defendants had more than sufficient knowledge of the decedent's condition and they all acted in blatant disregard of the decedent's health and life. These Defendants had direct contact with the decedent and had the opportunity and obligation to secure the appropriate medical treatment and care for the decedent. These Defendants were deliberately indifferent, and subjectively and/or objectively unreasonable, in regards to the emergent medical needs of the decedent by either consciously failing to provide the appropriate medical care and treatment or to recognize and secure the appropriate medical care and/or treatment. The Defendants also exhibited a subjective and/or objective unreasonableness in violating Vernon Dean Branham's constitutional rights of due process and failure to provide necessary medical care to him as a pre-trial detainee. Based directly on their actions or inactions, the decedent suffered needlessly (both physically and mentally) and died on September 8, 2018.

**FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF FEDERAL CIVIL RIGHTS 42 U.S.C. § 1983**
**(4TH & 14TH AMENDMENT – FAILURE TO PROVIDE MEDICAL CARE – CRUEL**
**AND UNUSUAL PUNISHMENT)**
**(SURVIVAL)**

32.    Each and every allegation of fact contained in the above stated paragraphs are re-alleged herein, as if re-stated verbatim.

33.    The Defendants were acting under the color or pretense of South Carolina of State law, customs, practices, usage, and/or policy at all times mentioned herein as: officers of the Fairfield County Detention Center; officers of Fairfield County Sheriff's Office and; governmental medical employees of the University of South Carolina and Fairfield Memorial Hospital – that all had certain duties imposed upon them with regard to Vernon Dean Branham.  Additionally, during the time period in question, the Defendants were well aware of the decedent's constitutional rights, including his right to proper medical care and to be free from cruel and unusual punishment.

34.     The Defendants were consciously and deliberately indifferent to the decedent and the Plaintiff on or around September 7, 2018 through September 8, 2018 in the following particulars:

(a)     in consciously failing to provide reasonable, necessary and appropriate medical care to the decedent when they had the opportunity and obligation to do so. Further, in failing to provide reasonable, necessary and appropriate medical care to the decedent – who had a serious medical condition which was open and obvious to those Defendants who had contact with him;

(b)     in consciously failing to use even slight care and caution in safekeeping the decedent;

(c)     in consciously breaching the standards of care applicable to the treatment and care of decedent;

(d)     in consciously violating hospital policies regarding medical clearance of a detainee being sent to the detention center;

(e)     in entering into a pattern and practice of failing to provide appropriate medical care;

(f)     in administering cruel and unusual punishment without due process;

(g)     in consciously failing to sufficiently screen, classify and/or monitor the decedent while he was detained so as to determine the severity of his condition and his emergent need for medical care;

(h)     in knowingly, deliberately and consciously denying appropriate medical care to the decedent;

(i)     in engaging in a pattern and practice of consciously failing to provide reasonable and necessary medical care and/or treatment to detainees/detainees in their custody including the decedent – causing them to needlessly suffer and/or die;

(j)     in consciously failing to properly care for the decedent, when the knew or should have known that the decedent was in dire need of either medical assistance and/or treatment;

(k)     in consciously failing to monitor the decedent while detained and take steps to provide medical assistance to him when they knew or should have known that he was in such a state that he was unable to care for himself;

14

(l)     in consciously failing to refer or transport the decedent, to a specialist and/or a hospital;

(m)    in consciously failing to have the proper medical examination performed to determine the decedent's medical needs and/or mental status and provide appropriate medical care and treatment;

(n)     in consciously failing to take the appropriate steps to or provide medical care and treatment to the decedent when they had actual and constructive notice of the decedent's medical condition;

(o)     consciously failing to follow the proper policy and procedures necessary to ensure that detainees are provided basic and/or appropriate medical care follow same;

(p)     in abandoning the decedent when he was in desperate need for medical care;

(q)     in being objectively unreasonable in the failure to provide the appropriate medical care and/or due process protections to the decedent, a pre-trial detainee; and

(r)     in all other aspects as may be shown throughout the pendency of this matter.

33.     As a direct and proximate result of the Defendants' acts of willful, malicious, conscious and deliberate indifference, jointly, severally, and in combination thereof, the decedent suffered deprivations of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. Additionally, as a direct result of the above, the decedent suffered needlessly and ultimately died.

35.     As a result, the decedent suffered conscious pain, mental and physical suffering, indignity, and loss of his aforementioned federal rights. The Plaintiff has suffered the loss of the life of the decedent, loss of his love and support, mental anguish, emotions distress, incurred funeral expenses, legal costs, and undue grief, and will likely suffer from the effects of the Defendants' actions now and in the future, and Plaintiff demands ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES from the Defendants.

**FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF FEDERAL CIVIL RIGHTS 42 U.S.C. § 1983**
**(4TH & 14TH AMENDMENT – FAILURE TO PROVIDE MEDICAL CARE – CRUEL**
**AND UNUSUAL PUNISHMENT)**
**(WRONGFUL DEATH)**

36.    Each and every allegation of fact contained in the above stated paragraphs are re-alleged herein, as if re-stated verbatim.

37.    The Defendants were acting under the color or pretense of South Carolina of State law, customs, practices, usage, and/or policy at all times mentioned herein as: officers of the Fairfield County Detention Center; officers of Fairfield County Sheriff's Office and; governmental medical employees of the University of South Carolina and Fairfield Memorial Hospital – that all had certain duties imposed upon them with regard to Vernon Dean Branham. Additionally, during the time period in question, the Defendants were well aware of the decedent's constitutional rights, including his right to proper medical care and to be free from cruel and unusual punishment.

38.    The Defendants were consciously and deliberately indifferent to the decedent and Plaintiff during the time period mentioned in the facts in the following particulars:

(a)    in consciously failing to provide reasonable, necessary and appropriate medical care to the decedent when they had the opportunity and obligation to do so. Further, in failing to provide reasonable, necessary and appropriate medical care to the decedent – who had a serious medical condition which was open and obvious to those Defendants who had contact with him;

(b)    in consciously failing to use even slight care and caution in safekeeping the decedent;

(c)    in consciously breaching the standards of care applicable to the treatment and care of decedent;

(d)    in consciously violating hospital policies regarding medical clearance of a detainee being sent to the detention center;

16

(e)     in entering into a pattern and practice of failing to provide appropriate medical care;

(f)     in administering cruel and unusual punishment without due process;

(g)     in consciously failing to sufficiently screen, classify and/or monitor the decedent while he was detained so as to determine the severity of his condition and his emergent need for medical care;

(h)     in knowingly, deliberately and consciously denying appropriate medical care to the decedent;

(i)     in engaging in a pattern and practice of consciously failing to provide reasonable and necessary medical care and/or treatment to detainees/detainees in their custody including the decedent – causing them to needlessly suffer and/or die;

(j)     in consciously failing to properly care for the decedent, when the knew or should have known that the decedent was in dire need of either medical assistance and/or treatment;

(k)     in consciously failing to monitor the decedent while detained and take steps to provide medical assistance to him when they knew or should have known that he was in such a state that he was unable to care for himself;

(l)     in consciously failing to refer or transport the decedent, to a specialist and/or a hospital;

(m)     in consciously failing to have the proper medical examination performed to determine the decedent's medical needs and/or mental status and provide appropriate medical care and treatment;

(n)     in consciously failing to take the appropriate steps to or provide medical care and treatment to the decedent when they had actual and constructive notice of the decedent's medical condition;

(o)     consciously failing to follow the proper policy and procedures necessary to ensure that detainees are provided basic and/or appropriate medical care follow same;

(p)     in abandoning the decedent when he was in desperate need for medical care;

(q)     in being objectively unreasonable in the failure to provide the appropriate medical care and/or due process protections to the decedent, a pre-trial detainee; and

(r)     in all other aspects as may be shown throughout the pendency of this matter.

38.     As a direct and proximate result of the Defendants' acts of willful, malicious, conscious and deliberate indifference, jointly, severally and in combination thereof, the decedent suffered deprivations of his rights secured by the Fourth, and Fourteenth Amendments to the United States Constitution.

39.     The Defendants jointly, severally and in combination thereof, wrongfully caused the death of Vernon Dean Branham by their acts and omissions as described above.

40.     As a direct and proximate result of the omissions, willful and wanton conduct of the Defendants, the Plaintiff has been damaged and suffered as follows:

(a)     loss of financial economic support and contribution of the deceased;

(b)     extreme mental shock and suffering;

(c)     extreme wounded feelings;

(d)     tremendous grief and sorrow;

(e)     loss of friendship and companionship; and

(f)     deprivation of the use and comfort of the deceased's society, knowledge and judgment and experience.

41.     The Plaintiff is informed and believes that the Estate of Vernon Dean Branham is entitled to ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES against the Defendants, pursuant to the violation of her Federal Civil Rights 42 USC 1983 – Wrongful Death.

42.     As a result, the decedent suffered conscious pain, suffering, indignity, and loss of his aforementioned federal rights. The Plaintiff has suffered the loss of the life of the decedent, loss of his love and support, mental anguish, emotional distress, incurred funeral expenses, legal costs, and undue grief, and will likely suffer from the effects of the Defendants' actions now and in the future, and Plaintiff demands ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES from the Defendants.

**FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF FEDERAL CIVIL RIGHTS 42 U.S.C. § 1983**

**(VIOLATION OF DUE PROCESS – 14TH AMENDMENT)**
**(SURVIVAL)**

43.     Each and every allegation of fact contained in the above stated paragraphs are re-alleged herein, as if re-stated verbatim.

44.     The Defendants were acting under the color or pretense of South Carolina of State law, customs, practices, usage, and/or policy at all times mentioned herein as: officers of the Fairfield County Detention Center; officers of Fairfield County Sheriff's Office and; governmental medical employees of the University of South Carolina and Fairfield Memorial Hospital – that all had certain duties imposed upon them with regard to Vernon Dean Branham.  Additionally, during the time period in question, the Defendants were well aware of the decedent's constitutional rights, including his right to due process.

45.     The Defendants' actions were consciously and deliberately indifferent to the decedent and the Plaintiff during the time period mentioned in the facts in the following particulars:

(a)     in consciously failing to provide reasonable, necessary and appropriate medical care to the decedent when they had the opportunity and obligation to do so. Further, in failing to provide reasonable, necessary and appropriate medical care to the decedent – who had a serious medical condition which was open and obvious to those Defendants who had contact with him;

(b)     in consciously failing to use even slight care and caution in safekeeping the decedent;

(c)     in consciously breaching the standards of care applicable to the treatment and care of decedent;

(d)     in consciously violating hospital policies regarding medical clearance of a detainee being sent to the detention center;

(e)     in entering into a pattern and practice of failing to provide appropriate medical care;

(f)     in administering cruel and unusual punishment without due process;

(g)    in consciously failing to sufficiently screen, classify and/or monitor the decedent while he was detained so as to determine the severity of his condition and his emergent need for medical care;

(h)    in knowingly, deliberately and consciously denying appropriate medical care to the decedent;

(i)    in engaging in a pattern and practice of consciously failing to provide reasonable and necessary medical care and/or treatment to detainees/detainees in their custody including the decedent – causing them to needlessly suffer and/or die;

(j)    in consciously failing to properly care for the decedent, when the knew or should have known that the decedent was in dire need of either medical assistance and/or treatment;

(k)    in consciously failing to monitor the decedent while detained and take steps to provide medical assistance to him when they knew or should have known that he was in such a state that he was unable to care for himself;

(l)    in consciously failing to refer or transport the decedent, to a specialist and/or a hospital;

(m)    in consciously failing to have the proper medical examination performed to determine the decedent's medical needs and/or mental status and provide appropriate medical care and treatment;

(n)    in consciously failing to take the appropriate steps to or provide medical care and treatment to the decedent when they had actual and constructive notice of the decedent's medical condition;

(o)    consciously failing to follow the proper policy and procedures necessary to ensure that detainees are provided basic and/or appropriate medical care follow same;

(p)    in abandoning the decedent when he was in desperate need for medical care;

(q)    in being objectively unreasonable in the failure to provide the appropriate medical care and/or due process protections to the decedent, a pre-trial detainee; and

(r)    in all other aspects as may be shown throughout the pendency of this matter.

46.    As a direct and proximate result of the Defendants' acts of willful, malicious, conscious and deliberate indifference, jointly and severally and in combination thereof, the

decedent suffered deprivations of his rights secured by the Fourth and Fourteenth Amendments to the <u>United States Constitution</u>.

47.     As a result, the decedent suffered conscious pain, suffering, indignity, and loss of his life. The Plaintiff, who has suffered the loss of the life of the decedent, loss of support, mental anguish, loss of quality of life, emotional distress, incurred funeral expenses, legal costs, and undue grief and will likely suffer from the effects of the Defendants' actions now and in the future, demand damages from the Defendants, jointly and severally for ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES.

<b><u>FOR A FOURTH CAUSE OF ACTION</u></b><br>
<b><u>VIOLATION OF FEDERAL CIVIL RIGHTS 42 U.S.C. § 1983</u></b><br>
<b>(VIOLATION OF DUE PROCESS – 14TH AMENDMENT)</b><br>
<b>(WRONGFUL DEATH)</b>

48.     Each and every allegation of fact contained in the above stated paragraphs are re-alleged herein, as if re-stated verbatim.

49.     The Defendants were acting under the color or pretense of South Carolina of State law, customs, practices, usage, and/or policy at all times mentioned herein as: officers of the Fairfield County Detention Center; officers of Fairfield County Sheriff's Office and; governmental medical employees of the University of South Carolina and Fairfield Memorial Hospital – that all had certain duties imposed upon them with regard to Vernon Dean Branham. Additionally, during the time period in question, the Defendants were well aware of the decedent's constitutional rights, including his right to due process.

50.     The Defendants' actions were consciously and deliberately indifferent to the decedent and the Plaintiff during the time period mentioned in the facts in the following particulars:

(a)     in consciously failing to provide reasonable, necessary and appropriate medical care to the decedent when they had the opportunity and obligation to do so. Further,

21

in failing to provide reasonable, necessary and appropriate medical care to the decedent – who had a serious medical condition which was open and obvious to those Defendants who had contact with him;

(b)     in consciously failing to use even slight care and caution in safekeeping the decedent;

(c)     in consciously breaching the standards of care applicable to the treatment and care of decedent;

(d)     in consciously violating hospital policies regarding medical clearance of a detainee being sent to the detention center;

(e)     in entering into a pattern and practice of failing to provide appropriate medical care;

(f)     in administering cruel and unusual punishment without due process;

(g)     in consciously failing to sufficiently screen, classify and/or monitor the decedent while he was detained so as to determine the severity of his condition and his emergent need for medical care;

(h)     in knowingly, deliberately and consciously denying appropriate medical care to the decedent;

(i)     in engaging in a pattern and practice of consciously failing to provide reasonable and necessary medical care and/or treatment to detainees/detainees in their custody including the decedent – causing them to needlessly suffer and/or die;

(j)     in consciously failing to properly care for the decedent, when the knew or should have known that the decedent was in dire need of either medical assistance and/or treatment;

(k)     in consciously failing to monitor the decedent while detained and take steps to provide medical assistance to him when they knew or should have known that he was in such a state that he was unable to care for himself;

(l)     in consciously failing to refer or transport the decedent, to a specialist and/or a hospital;

(m)     in consciously failing to have the proper medical examination performed to determine the decedent's medical needs and/or mental status and provide appropriate medical care and treatment;

(n)     in consciously failing to take the appropriate steps to or provide medical care and treatment to the decedent when they had actual and constructive notice of the decedent's medical condition;

(o)     consciously failing to follow the proper policy and procedures necessary to ensure that detainees are provided basic and/or appropriate medical care follow same;

(p)     in abandoning the decedent when he was in desperate need for medical care;

(q)     in being objectively unreasonable in the failure to provide the appropriate medical care and/or due process protections to the decedent, a pre-trial detainee; and

(r)     in all other aspects as may be shown throughout the pendency of this matter.

51.     As a direct and proximate result of the Defendants' acts of willful, malicious and deliberate indifference, jointly and severally and in combination thereof, the decedent suffered deprivations of his rights secured by the Fourth and Fourteenth Amendments to the <u>United States Constitution</u>.

52.     The Defendants, jointly, severally and in combination thereof, wrongfully caused the death of Vernon Dean Branham by their acts and omissions as described above.

53.     As a direct and proximate result of the omissions, willful and wanton conduct of the Defendants, Defendants conscious and deliberate indifference to Vernon Dean Branham's due process rights, and the objective unreasonableness of Defendants' actions violating Vernon Dean Branham's due process rights, the Plaintiff has been damaged and suffered as follows:

(a)     loss of financial economic support and contribution of the deceased;

(b)     extreme mental shock and suffering;

(c)     extreme wounded feelings;

(d)     tremendous grief and sorrow;

(e)     loss of friendship and companionship; and

(f)     deprivation of the use and comfort of the deceased's society, knowledge and judgment and experience.

54.    The Plaintiff is informed and believes that the Estate of Vernon Dean Branham is entitled to ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES against the Defendants, pursuant to the violation of their Federal Civil Rights 42 USC 1983 – Wrongful Death.

55.    As a result, the decedent suffered conscious pain, suffering, indignity, and loss of his aforementioned federal rights. The Plaintiff has suffered the loss of the life of the decedent, loss of his love and support, mental anguish, emotional distress, incurred funeral expenses, legal costs, and undue grief, and will likely suffer from the effects of the Defendants' actions now and in the future, and Plaintiff demands ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES from the Defendants.

WHEREFORE, the Plaintiff prays for judgment against the Defendants, both jointly, severely and in combination thereof, for ACTUAL, CONSEQUENTIAL, AND PUNITIVE DAMAGES, costs and reasonable attorney fees. The Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the Constitution of the United States of America.

ELLIOTT, PHELAN & KUNZ, LLC

_  s/ Andrew W. Kunz  _
Andrew W. Kunz
U.S.D.C. Bar #: 11198
Elliott, Phelan & Kunz, LLC
P.O. Box 1405
Georgetown, SC  29442
(843) 546-0650 (phone)
andrew@elliottphelanlaw.com

September 3, 2021
Georgetown, SC

ATTORNEY FOR THE PLAINTIFF