IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kathy Branham, individually and as the Personal Representative of the Estate of Vernon Dean Branham, | ) CASE NO.: 1:21-cv-2867-JD-SVH ) ) ) |
| Plaintiff, | ) **ANSWER** ) *(Jury Trial Demanded)* |
| vs. | ) ) |
| Ashley English, Lynn Davis, Tamika Lewis, Kindra Bouknight, Allen McCoy, Susan Keener, Joyce Kelly, Matthew Haldemanm M.D., Britana Brown, David Morgan, and Timothy Mathis, | ) ) ) ) ) ) |
| Defendants. | ) |

**TO:   ANDREW KUNZ, ATTORNEY FOR PLAINTIFF, AND PLAINTIFF:**

Defendants Lynn Davis, Tamika Lewis, Kindra Bouknight, Allen McCoy, Britana Brown, David Morgan, and Timothy Mathis (hereinafter "Defendants") hereby answer Plaintiff's Complaint and allege as follows.

**FOR A FIRST DEFENSE**

1. Defendants deny each and every allegation of the Complaint, except those allegations herein specifically admitted, qualified or explained. Further, the answering Defendants specifically deny that it violated any constitutional or statutory right belonging to Plaintiff.

2. Paragraph 1 does not require a response, to the extent a response is required, Defendants deny Paragraph 1 in its entirety and demand strict proof thereof.

3. Paragraph 2 is admitted.

4. Paragraph 3 is admitted upon information and belief.

5. Paragraph 4 is admitted.

6. Paragraph 5 is admitted insomuch that Defendant Ashley English was an LPN at the Fairfield County Detention Center during the time period of the incident which is the subject of this lawsuit. Defendants are without sufficient information as to the remaining allegations in Paragraph 5, and therefore denies the same in its entirety, and demand strict proof thereof.

7. Paragraph 6 is admitted insomuch that Defendants Davis, Lewis, Defendant Bouknight, Defendant Brown, Defendant Morgan and Defendant Mathis were employees of Fairfield County and/or the Fairfield County Sheriff's Office during the time period if the incident which is the subject of this lawsuit. All other allegations in Paragraph 6 are denied in their entirety, and Defendants demand strict proof thereof.

8. Defendants are without sufficient information as to the allegations in Paragraph 7, and therefore denies the same in its entirety, and demand strict proof thereof.

9. Defendants are without sufficient information as to the allegations in Paragraph 8, and therefore denies the same in its entirety, and demand strict proof thereof.

10. Paragraph 9 is admitted insomuch that Defendant Allen McCoy was an employee of the Fairfield County Sheriff's Office during the time period of the incident which is the subject of this lawsuit. All other allegations in Paragraph 9 are denied, and Defendants demand strict proof thereof.

11. Paragraph 10 is admitted.

12. Paragraph 11 is admitted insomuch that Decedent was a detainee at the Fairfield County Detention Center during the time period of the incident which is the subject of this lawsuit.

13. Paragraph 12 is admitted insomuch that Defendants Davis, Lewis, Bouknight, Borwn, Morgan, Lewis, Mathis, and McCoy were each trained in their respective positions and roles as correctional officers and/or sheriff deputies. All remaining allegations in Paragraph 12

not deemed addressed by the following are denied, and Defendants demand strict proof thereof.

14. Paragraph 13 is admitted insomuch that Defendant Lynn Davis, as well as the other Fairfield County Detention Center Employee Defendants were trained in their respective positions as correctional officers. All remaining allegations in Paragraph 13 not deemed addressed by the following are denied, and Defendants demand strict proof thereof.

15. Paragraph 14 is admitted insomuch that Defendant McCoy arrested Decedent on the date and time which is the subject of this lawsuit, and that Defendant noticed a small bleeding laceration above Decedent's left eyebrow. Defendant admits that the bleeding laceration required medical attention. All other allegations in Paragraph 14 are denied, and Defendants demand strict proof thereof.

16. Defendants are without sufficient information as to the allegations in Paragraph 15, and therefore deny the same in its entirety and demand strict proof thereof.

17. Paragraph 16 states legal and scientific conclusions, and therefore, does not require a response. To the extent that Paragraph 16 requires a response, Defendants deny the allegations in Paragraph 16 in its entirety, and demand strict proof thereof.

18. Defendants are without sufficient information as to the allegations in Paragraph 17 and therefore denies the same in its entirety and demands strict proof thereof.

19. Defendants are without sufficient information as to the allegations in Paragraph 18 and therefore denies the same in its entirety and demands strict proof thereof.

20. Defendants are without sufficient information as to the allegations in Paragraph 19 and therefore denies the same in its entirety and demands strict proof thereof.

21. Paragraph 20 is admitted insomuch that Decedent was taken to the Fairfield County Detention Center for booking at the time alleged and that he was making conversation with the

officers. All other allegations in Paragraph 20 are denied, and Defendants demand strict proof thereof.

22. Paragraph 21 is denied in its entirety, and Defendants demand strict proof thereof.

23. Paragraph 22 is denied in its entirety, and Defendants demand strict proof thereof.

24. Paragraph 23 is admitted insomuch that Defendants were trained in their respective positions and roles as correctional officers. All remaining allegations in Paragraph 23 are denied, and Defendants demand strict proof thereof.

25. Paragraph 24 is admitted insomuch that Defendants were trained in their respective positions and roles as correctional officers. All remaining allegations in Paragraph 24 are denied, and Defendants demand strict proof thereof.

26. Paragraph 25 is admitted insomuch that Defendants observed Decedent loudly snoring. Defendants deny that this snoring was abnormal, and that Decedent was exhibiting an odd breathing problem. Any allegations in Paragraph 25 not deemed addressed by the following are denied, and Defendants demand strict proof thereof.

27. Paragraph 26 is admitted insomuch that Defendant Mathis and Defendant English had a conversation about Decedent on the morning alleged. Defendants are without sufficient information as to the remaining allegations in Paragraph 26 and therefore deny the same and demand strict proof thereof.

28. Paragraph 27 is denied, and Defendants demand strict proof thereof.

29. Defendants deny that Decedent was never seen awake and/or conscious. All other allegations in Paragraph 28 are admitted.

30. Paragraph 29 is denied, and Defendants demand strict proof thereof.

31. Paragraph 30 is admitted insomuch that Decedent's cause of death was Cardiac

Dysrhythmia. Defendants are without sufficient information as the remaining allegations in Paragraph 30 and therefore deny the same and demand strict proof thereof.

32. Paragraph 31 is denied in its entirety, and Defendants demand strict proof thereof.

33. Paragraph 32 does not require a response. To the extent Paragraph 32 does require a response, Defendants deny Paragraph 32 in its entirety and demand strict proof thereof.

34. Paragraphs 33 through 35 are denied in their entirety, including all subparts, and Defendants demand strict proof thereof.

35. Paragraph 36 does not require a response. To the extent Paragraph 36 does require a response, Defendants deny Paragraph 36 in its entirety and demand strict proof thereof.

36. Paragraphs 37 through 42 are denied in their entirety, including all subparts, and Defendants demand strict proof thereof.

37. Paragraph 43 does not require a response. To the extent Paragraph 43 does require a response, Defendants deny Paragraph 43 in its entirety and demand strict proof thereof.

38. Paragraphs 44 through 47 are denied in their entirety, including all subparts, and Defendants demand strict proof thereof.

39. Paragraph 48 does not require a response. To the extent Paragraph 48 does require a response, Defendants deny Paragraph 48 in its entirety and demand strict proof thereof.

40. Paragraphs 49 through 55 are denied in their entirety, including all subparts, and Defendants demand strict proof thereof.

41. Plaintiff's Prayer for Relief is denied in its entirety, and Defendants demand strict proof thereof.

**FOR A SECOND DEFENSE**

42. All admissions, denials, and allegations set forth above are incorporated herein as

if repeated verbatim.

43. Plaintiff's Complaint, in its entirety, fails to state a claim or constitute a cause of action against Defendants upon which relief can be granted and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure therefore the Complaint must be dismissed.

### FOR A THIRD DEFENSE

44. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

45. Defendants specifically plead immunity and qualified immunity as a complete bar to the allegations of the Complaint.

### FOR A FOURTH DEFENSE

46. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

46. As to any portion of the Complaint that may be interpreted as brought under the South Carolina Tort Claims Act, §15-78-10, *et seq*., of the South Carolina Code of Laws, Defendants specifically plead, including but not limited to, that:

   a. As an employee and officer of the State of South Carolina at the time alleged in the Complaint, acting within the scope of his official duties, Defendants are not liable for acts committed in this capacity and, therefore, the Complaint must be dismissed against him.

   b. Defendants specifically plead provisions of South Carolina Code §15-78-60(1)(2)(3)(4)(5)(6)(9)(17)(20)(23)(25) as a complete bar to the recovery by the Plaintiff herein.

   c. Defendants specifically plead the limitation on liability and prohibition against the recovery of punitive damages, as set forth in South Carolina Code §15-78-120.

   d. South Carolina Code §15-78-30(f) expressly bars Plaintiff's claim for intentional

infliction of emotional distress.

48. Therefore, Defendants plead South Carolina Code of Laws, §15-78-10, *et seq*., as a complete bar to Plaintiff's claims.

### FOR A FIFTH DEFENSE

49. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

50. Defendants deny that any constitutional right of Plaintiff has been violated and denies that they are, in any way, responsible for any willful or malicious acts towards Plaintiff.

### FOR A SIXTH DEFENSE

51. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

52. That at all times relevant hereto, Defendants' employees were acting as officers and officials of the State of South Carolina, engaged in the performance of their official duties, and are, therefore, immune from liability and cannot be sued without an express waiver of sovereign immunity, which has not been granted.

### FOR A SEVENTH DEFENSE

53. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

54. That Defendants expressly deny that any acts or failures to act, as described in the Complaint, were committed, or omitted maliciously, in bad faith, or in a grossly negligent manner, and, therefore, Defendants are immune from suit.

### FOR AN EIGHTH DEFENSE

55. All admissions, denials, and allegations set forth above are incorporated herein as

if repeated verbatim.

56. That at all times relevant hereto, Defendants' employees were acting as officers and officials of the State of South Carolina, engaged in the performance of their official duties and acting as the alter egos of the State of South Carolina, and therefore this action is barred by the Eleventh Amendment of the Constitution of the United States as against these Defendants.

### FOR A NINTH DEFENSE

57. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

58. That at all times relevant hereto, Defendants' employees were engaged in the performance of their official duties, and at no time violated any clearly established constitutional rights which were known or should have been known to them; and therefore, Defendants are entitled to immunity as a matter of law.

### FOR A TENTH DEFENSE

59. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

60. Defendants plead qualified immunity from suit under the holding of *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), as a complete bar to any liability.

### FOR AN ELEVENTH DEFENSE

61. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

62. Defendants are entitled to absolute immunity under *Long v. Seabrook,* 260 SC 562, 197 S.E.2d 659 (1973).

### FOR A TWELFTH DEFENSE

63. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

64. Plaintiff's claims are not cognizable pursuant to the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

## FOR A THIRTEENTH DEFENSE

65. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

66. Plaintiff's claim is barred by the Public Duty Doctrine and, therefore, should be dismissed with prejudice.

## FOR A FOURTEENTH DEFENSE

67. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

68. Plaintiff's injuries or damages, if any, were the proximate result of the intervening and/or superseding negligence, recklessness, willfulness and wantonness of parties other than responding Defendants, barring Plaintiff from recovering from responding Defendants.

## FOR A FIFTEENTH DEFENSE

69. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

70. Plaintiff's injuries or damages, if any, were the result of his own actions and conduct which he voluntarily chose and assumed the risk thereof, barring him from recovery herein.

## FOR A SIXTEENTH DEFENSE

71. All admissions, denials, and allegations set forth above are incorporated herein as

if repeated verbatim.

72. Plaintiff's illegal actions at the time of the incident as described in Plaintiff's Complaint, including but not limited to the consumption and use of illegal narcotics, are the proximate cause for Plaintiff's alleged injuries and damages to the extent that such illegality renders Defendants not liable in any way whatsoever to Plaintiff and this action must be dismissed as a matter of law.

## **FOR A SEVENTEENTH DEFENSE**

73. All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

74. Defendants would show that an award of punitive damages violates the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 3 of the South Carolina Constitution in that:

a. the judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

b. any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

c. any award of punitive damages based upon the wealth of the Defendants violates due process guarantees;

d. the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e. even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

f. Plaintiff's claim for punitive damages violates the equal protection clause of the

Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendants.

75.     Plaintiff's claim for punitive damages violates the federal doctrine of separation of powers and Article I, Section 8 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

### FOR AN EIGHTEENTH DEFENSE

76.     All admissions, denials, and allegations set forth above are incorporated herein as if repeated verbatim.

77.     Defendants' investigation into the facts of this case has not been completed and, therefore, Defendants reserve any additional and further defenses as may be revealed by additional information during the course of any discovery and/or investigation, and as is consistent with the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray the Complaint against Defendants be dismissed with cost and for such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

**SMITH │ ROBINSON**
**Smith Robinson Holler DuBose and Morgan, LLC**

By: *s/H. Thomas Morgan, Jr.*
H. Thomas Morgan, Jr., Fed ID No. 10189
Alyssa R. Iglesias, Fed ID No. 13381
ATTORNEY FOR DEFENDANTS LYNN DAVIS, TAMIKA LEWIS, KINDRA BOUKNIGHT, ALLEN

          MCCOY, BRITANA BROWN, DAVID MORGAN,
          AND TIMOTHY MATHIS
          935 Broad Street
          Post Office Drawer 39
          Camden, South Carolina 29021
          (803) 432-1992
          tommy@smithrobinsonlaw.com

October 18, 2021